CASE 18—FORCIBLE ENTRY AND DETAINER—SEPTEMBER 23.

## Dibble vs. Porter, &c.

APPEAL FROM JEFFERSON COUNTY COURT.

1. Where the traverser of an inquest of forcible entry and detainer fails, on the calling of the cause for trial, to appear, either by himself or counsel, the court may render judgment in favor of the traversee, although the latter may not have joined issue on the traverse. (Civil Code, sec. 513.)

2. The motion of the traverser made the same day, to set aside the judgment, was properly overruled, as the record shows no reason for sustaining it.

Harlan & Harlan, for appellant, cited Civil Code, secs. 518, 513, 511.

Wolfe & Hays for appellee.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This appeal is from a judgment of the Jefferson county court, rendered on a traverse of the verdict of a jury in a forcible detainer, prosecuted by appellees against appellant. When the cause was called in the county court, the Porters, by

their attorney, appeared; and Dibble " not appearing, although duly called," the court gave judgment for the possession of the premises, and awarded a writ of possession, &c.

There was no issue on the traverse entered on the record. Was Dibble in default, until such issue was joined, is the main question.

Section 513, Civil Code, provides that " the clerk shall docket the traverse as other actions; it shall stand for trial as docketed. The traversee shall join issue on the traverse; it shall be tried by a jury, and judgment given on the verdict as in other causes: *Provided, however*, That nothing contained herein shall be construed *to prevent the court from giving judgment against either party for default.*"

But for this proviso, the verdict of a jury would have been essential on a traverse for the recovery of the premises, even where the tenant should make default. It was evidently intended by this proviso to confer upon the court the power, in a summary manner, to dispose of the case, and perfect the rights of litigants by a judgment, when it should appear the litigation was for delay and not in good faith.

Proceedings in forcible entry or detainer have always been regarded with leniency by courts. When this cause was called, the appellees by their counsel were in court, ready for the litigation; but the appellant was not, nor was any one there to move a continuance or help to select a jury for him, nor to demand a judgment, because issue on the traverse was not joined. He was clearly, therefore, in default, and the court did not err in giving judgment against him. Dibble appeared on the same day, after the rendition of the judgment, and moved to set it aside, but for what reason does not appear. As the judgment was properly rendered, no legal reason appears in the record why it should have been set aside; and the refusal to do so was not erroneous.

Wherefore, the judgment is affirmed.